David HOLMAN, Petitioner,

v.

George B. DUNCAN, Superintendent, Great Meadow Correctional Facility, Respondent.

No. 00 CIV.3305(CM)(LMS).

United States District Court, S.D. New York.

April 19, 2002.

---

David Holman, Comstock, NY, Petitioner pro se.

Matthew A. Weishaupt, Assistant District Attorney Dutchess County, Poughkeepsie, NY, for Respondent.

## MEMORANDUM ORDER CANCELLING HEARING AND DISMISSING PETITION

MCMAHON, District Judge.

On March 8, 2002, this Court, after dismissing the bulk of the allegations in Petitioner's habeas petition as recommended by Magistrate Judge Smith, ordered a hearing on the one remaining allegation—namely, that Petitioner had been denied effective representation of counsel due to a conflict of interest. The relevant facts are as follows: Petitioner's attorney was made a part-time City Judge of the City of Poughkeepsie shortly before the trial. Petitioner alleged that the attorney refused to call two City of Poughkeepsie police witnesses because, given his new position, he did not wish to damage his relations with the police.

Judge Smith, in her thoughtful Report and Recommendation, concluded that no actual conflict of representation existed because Petitioner's counsel was not actively representing a party whose interests conflicted with Holman's. Because Petitioner had not come close to making the showing required to satisfy the *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) standard for ineffective assistance of counsel, she recommended dismissal. I agreed with the learned Magistrate Judge's conclusion that no actual conflict existed, in the sense that, Petitioner's attorney was representing conflicting interests. However, subsequent to the issuance of her Report, the United States Court of Appeals for the Second Circuit handed down its decision in *United States v. Schwarz*, 283 F.3d 76 (2d Cir.2002). In light of *Schwarz*, it seemed to me the better part of valor to hold a hearing on the potential conflict issue—particularly as Petitioner had made his rather vague allegation more explicit in his Objections to the Report (See, March 8, 2002 Memorandum Decision and Order).

But the law moves swiftly. Between the day I ordered the hearing and the day it was to be held, an even higher authority handed down its opinion in *Mickens v. Taylor*, —— U.S. ——, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002). In *Mickens*, the question was whether a trial court's failure to inquire into a potential (as opposed to actual) conflict of interest implicated the rule of *Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978), *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) and *Wood v. Georgia*, 450 U.S. 261, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981). This trilogy of cases sets the bar lower than the *Strickland v. Washington* standard for determining constitutional ineffectiveness in cases where an actual conflict exists. Numerous Courts of Appeal had concluded that this

rule applied broadly to some or all potential conflicts of interest as well, and trial level courts were therefore holding hearings and obtaining *Curcio* waivers (as the trial court did in Petitioner's case) whenever anyone raised the spectre of conflict, out of an excess of caution. The Supreme Court admitted that it was not unreasonable for the parties to assume that the *Holloway–Sullivan–Wood* rule applied in cases of potential conflict—indeed, both sides had argued the case on that basis. However, it ruled that, "until a defendant shows that his counsel actively represented conflicting interests, he has not established a constitutional predicate for his claim of ineffective assistance." *Mickens v. Taylor,* —— U.S. at ——, 122 S.Ct. at 1245–46, 152 L.Ed.2d 291.

This ruling is not only fatal to Petitioner's claim on the merits, it is fatal to his request for a hearing on the issue. *Sullivan* requires that a hearing be held into the conflict issue when an actual conflict is raised or is apparent from the record. 446 U.S. at 348, 100 S.Ct. 1708. Petitioner has not alleged that his attorney actively represented conflicting interests. For that matter, he has not alleged that his attorney potentially represented conflicting interests. Rather, he alleges that the attorney represented his own personal interest. Petitioner argues that an actual conflict can be inferred from the fact that the attorney declined to call two witnesses. But as Judge Smith concluded, their testimony would have added nothing to Petitioner's case and would not have changed the outcome. Judged by the *Strickland v. Washington* standard—which, as *Mickens* makes clear, is the correct standard—I agree wholeheartedly with Judge Smith that Petitioner has not even come close to setting forth facts that would support a claim of constitutionally ineffective assistance of counsel. Therefore, for the reasons set forth in Judge Smith's Report and Recommendation, I dismiss the claim of

ineffective assistance of counsel and cancel the previously-ordered hearing.