**David HOLMAN, a/k/a Sir D.,**
**Petitioner–Appellant,**

v.

**George B. DUNCAN, Respondent–**
**Appellee.**

**Docket No. 02–2347.**

United States Court of Appeals,
Second Circuit.

Nov. 24, 2003.

David A. Lewis, Federal Defender Division, Appeals Bureau, The Legal Aid Society, New York, N.Y., for Appellant.

Joan H. McCarthy, Assistant District Attorney (William V. Grady, Dutchess County District Attorney, of counsel), Poughkeepsie, N.Y., for Appellee.

PRESENT: FEINBERG, SACK, Circuit Judges, and WEXLER, District Judge.*

### SUMMARY ORDER

The petitioner David Holman appeals from a judgment of the district court denying his application for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 with respect to his 1996 conviction on two counts of murder in the second degree in the Supreme Court of New York, Dutchess County. *Holman v. Duncan,* 204 F.Supp.2d 613 (S.D.N.Y.2002) (Memorandum Order).

In his application, Holman contends that his trial counsel had an active conflict of interest with Holman at the time of Holman's trial because, having been appointed a part-time judge shortly before the trial, counsel did not call some police witnesses because he did not wish to "step on any toes" at the police department. Holman argues that, because his counsel had an active conflict, his ineffectiveness claim should be judged under the standard set forth in *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) (Sixth Amendment violated where "actual conflict" "adversely affected" counsel's performance), instead of under the more

difficult-to-meet requirements of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (Sixth Amendment violated only if the defendant can show both that counsel's performance was so deficient as to be "outside the wide range of professionally competent assistance," *id.* at 690, and that prejudice resulted because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694).

The district court, citing *Mickens v. Taylor,* 535 U.S. 162, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002), denied Holman's habeas petition, explaining that Holman had not shown that his counsel actively represented another party with a conflicting interest while representing Holman, as the district court thought *Mickens* requires.

As the district court notes, "the law moves swiftly." *Holman v. Duncan,* 204 F.Supp.2d 613 (S.D.N.Y.2002) (Memorandum Order). After the court entered judgment but before we heard argument on this appeal, we decided *Tueros v. Greiner,* 343 F.3d 587 (2d Cir.2003). *Tueros* sheds doubt on the district court's reading of *Mickens.* It may also have a bearing on whether Holman's trial counsel labored under an "actual conflict" at the time of trial. Because the district court did not have the benefit of *Tueros* when it entered judgment, we vacate and remand for reconsideration in light of *Tueros,* including reconsideration of whether it is necessary or advisable that the hearing originally ordered by the district court on March 8, 2002, and rescinded by its April 22 Memorandum Order, go forward. By doing so, we do not intimate any view on the merits of the petitioner's claims.

* The Honorable Leonard D. Wexler, of the United States District Court for the Eastern District of New York, sitting by designation.

For the foregoing reasons, the judgment of the District Court is hereby VACATED and REMANDED.